RECORD NO. 09-4685

# In The
# United States Court Of Appeals
### For The Fourth Circuit

# UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

# MARTINEOUS LEON HOPPER,

*Defendant – Appellant.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT ASHEVILLE

———————

## BRIEF OF APPELLANT

———————

**Claire J. Rauscher**
**Executive Director**
**FEDERAL DEFENDERS OF**
 **WESTERN NORTH CAROLINA, INC.**

**Ann L. Hester**
*Counsel of Record*
**Fredilyn Sison**
*Assistant Federal Defenders*
**129 West Trade Street**
**Suite 300**
**Charlotte, North Carolina  28202**
**(704) 374-0720**

*Counsel for Appellant*

# **TABLE OF CONTENTS**

**Page:**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

NATURE OF THE APPEAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.    THE OFFENSE CONDUCT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    II.    SENTENCING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    The district court erroneously concluded that Hopper's two prior
    assault convictions counted as separate sentences under USSG §
    4A1.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    I.    The Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    II.    Discussion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

Page(s):

**Cases:**

*Anders v. California*,
    386 U.S. 738 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Gall v. United States*,
    552 U.S. 38, 128 S. Ct. 586 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*McCoy v. Wisconsin*,
    486 U.S. 429 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Penson v. Ohio*,
    488 U.S. 75 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Rita v. United States*,
    551 U.S. 338, 127 S. Ct. 2456 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Evans*,
    526 F.3d 155 (4th Cir.),
    *cert. denied*, 129 S. Ct. 476 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Pauley*,
    511 F.3d 468 (4th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**Statutes:**

18 U.S.C. § 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

21 U.S.C. § 841 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

21 U.S.C. § 841(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

21 U.S.C. § 841(b)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

21 U.S.C. § 846 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 2255 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

**Sentencing Guidelines:**

USSG § 2D1.1(c)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

USSG § 3B1.1(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

USSG § 4A1.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7

USSG § 4A1.1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

USSG § 4A1.1(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

USSG § 4A1.1(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

USSG § 4A1.2(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

USSG § 4A1.2(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

USSG § 4B1.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 8, 9

USSG § 4B1.1(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

USSG § 4B1.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

USSG § 4B1.2(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## NATURE OF THE APPEAL

Appellant is submitting this Brief to the Court pursuant to the decision rendered in *Anders v. California*, 386 U.S. 738 (1967), as more fully explained in *McCoy v. Wisconsin*, 486 U.S. 429 (1988), and *Penson v. Ohio*, 488 U.S. 75 (1988).

Counsel for Appellant has determined, after a careful examination of the whole record in Appellant's case, that Appellant has no meritorious grounds for direct appeal. Counsel has set forth below the only issue which she believes presents any arguable basis for relief.

## STATEMENT OF JURISDICTION

Jurisdiction is vested in the United States District Court for the Western District of North Carolina pursuant to 18 U.S.C. § 3231. Jurisdiction of the Court of Appeals is founded upon 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

Whether the district court erroneously concluded that Hopper's two prior assault convictions counted as separate sentences under USSG § 4A1.1.

## STATEMENT OF THE CASE

The Government charged Martineous Leon Hopper in three counts of a ten-count indictment filed in the United States District Court for the Western District of North Carolina, Charlotte Division, on April 4, 2005. Docket Report at 3;

Indictment at 1-4.  Count One of the Indictment charged that, between March 2002 and the date of the indictment, Hopper conspired to possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  *Id.* at 1.  Counts Seven and Nine charged that on January 21, 2004, and June 29, 2004, Hopper possessed with the intent to distribute at least five grams of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2.  *Id.* at 3-4.  The Indictment alleged that all of the charged offenses took place in Cleveland County, North Carolina.  *Id.* at 1-4.

On July 7, 2005, Hopper entered into a plea agreement with the Government in which he agreed to plead guilty to Count One, and the Government agreed to move to dismiss the remaining counts.  Plea Agreement at 1.  In the plea agreement, Hopper preserved his right to assert claims of ineffective assistance of counsel and/or prosecutorial misconduct on appeal, but he otherwise waived his right to contest his conviction and sentence on appeal.  *Id.* at 5.  On July 12, 2005, the court accepted Hopper's guilty plea.  Acceptance and Entry of Guilty Plea at 1-9.

The district court held a sentencing hearing on April 25, 2006, sentencing Hopper to 262 months' imprisonment.  April 25, 2006, Sentencing Transcript at 1; Judgment filed May 15, 2006, at 2.  Hopper filed a direct appeal with this Court,

2

but the Court dismissed that appeal on March 23, 2007. Docket Report at 6. Hopper filed a Petition for Certiorari with the Supreme Court, which was denied on October 1, 2007. *United States v. Hopper*, Docket Report for 4th Cir. Docket # 06-4470.

On September 15, 2008, Hopper filed a Motion to Vacate in the district court under 28 U.S.C. § 2255, alleging that his trial counsel had been ineffective. Motion to Vacate. On May 27, 2009, the district court filed a Memorandum and Order granting Hopper's Motion to Vacate. Memorandum and Order of May 27, 2009, at 10. After a new sentencing hearing, the district court entered an Amended Judgment on July 27, 2009, sentencing Hopper to 188 months' imprisonment. Amended Judgment at 2. Hopper timely filed Notice of Appeal. Notice of Appeal filed July 24, 2009.

## **STATEMENT OF THE FACTS**

### I.     THE OFFENSE CONDUCT

According to the Presentence Investigation Report ("PSR"), Hopper was involved in the distribution of crack cocaine in the Shelby, North Carolina, area. PSR at 5. Law enforcement officers utilized a confidential informant to make controlled buys from individuals suspected of dealing in crack cocaine, and on January 21, 2004, and June 29, 2004, the confidential informant reported that Hopper delivered crack cocaine to codefendant Courtney Hargro, who then sold it

to the informant. *Id.* at 5-6. Four drug dealers told authorities that Hopper was supplying them with crack cocaine. *Id.* at 6-7.

## II. SENTENCING

In the original PSR, the probation officer suggested that Hopper could have been held responsible for as much as 14.6 kilograms of crack cocaine. PSR at 9. However, the PSR acknowledged that Hopper's plea agreement with the Government stipulated that 35 to 50 grams of crack was attributable to Hopper and that Hopper would only be held responsible for that amount. *Id.*; *see also* Plea Agreement at 2.

The PSR began its sentencing calculation by determining that, based on the stipulation in the plea agreement (and using the 2005 edition of the Guidelines Manual), Hopper's base offense level was 30 under USSG § 2D1.1(c)(5). PSR at 10. The probation officer added two levels for role in the offense under USSG § 3B1.1(c), giving an adjusted offense level of 32. PSR at 11.

The PSR then concluded that Hopper had been convicted of at least two prior felony convictions of either a crime of violence or a controlled substance offense and that Hopper was a Career Offender under USSG § 4B1.1. *Id.* Despite the plea agreement's stipulation that the drug amount was less than 50 grams, the PSR then utilized a maximum term of imprisonment of life—even though the statutory maximum for possessing less than 50 grams of crack with the intent to

4

distribute carries a statutory maximum of 40 years' imprisonment under 21 U.S.C. § 841(b)(1)(B)—to reach a career offender offense level of 37 under § 4B1.1. *Id.* After subtracting three levels for acceptance of responsibility, the PSR recommended a total offense level of 34, a criminal history category of VI, and a Guideline imprisonment range of 262 to 327 months. *Id.* at 11, 18, 24.

Hopper's trial counsel objected to his classification as career offender on the grounds that his two prior assault convictions were a single conviction because they were consolidated for sentencing, and he received only one sentence for both charges. Addendum to PSR at 1-2. However, counsel overlooked the PSR's reliance on an incorrect statutory maximum to determine the career offender offense level. *Id.* The district court sentenced Hopper to 262 months' imprisonment. April 25, 2006, Sentencing Transcript at 1; Judgment filed May 15, 2006, at 2.

After Hopper's direct appeal was dismissed and the Supreme Court had denied his petition for certiorari, Hopper filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging that his trial counsel had been ineffective in failing to object to the PSR's calculation of the career offender offense level at 37 based on a maximum sentence of life imprisonment instead of 34 based on a maximum sentence of 40 years' imprisonment. Motion to Vacate at 5. The Government conceded that Hopper's counsel had been ineffective, and the district

5

court vacated Hopper's sentence by Memorandum and Order signed on May 27, 2009. May 27, 2009, Memorandum and Order at 6, 10.

On July 2, 2009, the probation department prepared a Supplement to the PSR. Supplement to PSR. Using the 2008 edition of the Guidelines Manual, the probation officer applied the correct career offender offense level of 34 and recommended a total offense level of 31, which resulted in a recommended Guideline sentencing range of 188 to 235 months' imprisonment. *Id.*

On July 23, 2009, the district court held a re-sentencing hearing. July 23, 2009, Sentencing Transcript). Hopper's counsel agreed that the sentencing range of 188 to 235 months was correct but asked the court to consider a downward variance between 100 and 188 months. *Id.* at 3. In particular, counsel asked the court to consider Hopper's work to improve himself in prison by taking many classes, reading many books and working as a janitor, as well as Hopper's family support at home. *Id.* at 5-8.

The court found the range of 188 to 235 months to be correct and sentenced Hopper to 188 months' imprisonment. *Id.* at 11). Hopper then filed this appeal.

## SUMMARY OF ARGUMENT

Hopper argues that the district court made a significant procedural error in calculating his Guidelines sentencing range, because Hopper's two prior assault convictions were not separate violent felonies under the career offender sentencing

6

guideline. However, those offenses were separated by an intervening arrest, and Hopper's plea agreement precludes him from raising that issue on appeal.

## ARGUMENT

**The district court erroneously concluded that Hopper's two prior assault convictions counted as separate sentences under USSG § 4A1.1.**

### I.   THE STANDARD OF REVIEW

This Court reviews sentences for reasonableness, applying an abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 597 (2007); *United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007). But before applying the abuse-of-discretion standard of review to the substantive reasonableness of a sentence, a reviewing court "must first ensure that the district court committed no significant procedural error." *Gall*, 128 S.Ct. at 597; *see also United States v. Evans*, 526 F.3d 155, 161 (4th Cir.) (same), *cert. denied*, 129 S. Ct. 476 (2008).

Improperly calculating the Guidelines range is a significant procedural error. *Gall*, 128 S. Ct. at 597. All sentencing proceedings must begin with a correct calculation of the applicable Guidelines range. *Id.* at 596 (citing *Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456 (2007)).

7

## II. DISCUSSION

Both at his initial sentencing and at his resentencing, the district court sentenced Hopper as a career offender under USSG § 4B1.1.  To sentence Hopper as a career offender, the district court found, over Hopper's objection, that Hopper's two prior assault convictions were separate convictions under USSG § 4B1.1.  April 25, 2006, Sentencing Transcript at 14.

According to the PSR, Hopper was arrested on a North Carolina charge of felony assault with a deadly weapon inflicting serious injury on June 4, 1996, as the result of an assault on Stanley Mitchell with a gun.  PSR at 12.  On December 9, 1996, Hopper was arrested on a second charge of felony assault with a deadly weapon inflicting serious injury, after shooting Monrail Maddox with a pistol.  PSR at 13-14.  On October 24, 1997, the charges were consolidated for sentencing, and, according to the PSR, Hopper was sentenced to 29 to 44 months' incarceration for the June 1996 assault.  (PSR at 12).  The only sentence reported for the December 1996 assault was an order to pay restitution to Monrail Maddox.  PSR at 13.

The career offender sentencing guideline provides that

(a)  A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least

8

>   two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(b) (2008).  For purposes of this provision, "two prior felony convictions" is defined in USSG § 4B1.2.  USSG § 4B1.1 Cmt. n. 1 (2008).

Section 4B1.2(c) provides that, for prior convictions to constitute "two prior felony convictions" for career offender purposes, the sentences must be "counted separately under the provisions of § 4A1.1(a), (b), or (c)."  USSG § 4B1.2(c) (2008).  Under USSG § 4A1.1, a court may count only a "prior sentence."  USSG § 4A1.1 (2008).  The Guidelines define the term "prior sentence" in USSG § 4A1.2(a)(1), which provides: "[t]he term 'prior sentence' means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense."  USSG § 4A1.2(a)(1) (2008).

Section 4A1.2(a)(2) provides that, if the defendant has multiple prior sentences, those sentences "always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)."  USSG 4A1.2(a)(2) (2007).  Hopper's two prior assault offenses were separated by Hopper's arrest for the first assault.  Under § 4A1.2(a)(2), the district court

9

properly counted the assault convictions separately even though they were consolidated for sentencing.

## CONCLUSION

Hopper respectfully asks the Court of Appeals for the Fourth Circuit to review the record carefully to determine if there are issues of merit which may be raised and which would warrant the Court's vacating the district court's judgment.

This, the 15th day of October, 2009.

Claire J. Rauscher, Director
Federal Defenders of
Western North Carolina, Inc.

/s/ Ann L. Hester
*Ann L. Hester
Fredilyn Sison
Assistant Federal Defenders
227 W. 4th Street, Suite 300
Charlotte, NC 28202
(704) 374-0720
Counsel for Appellant
*Counsel of Record

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)
Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    this brief contains <u>2,070</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a proportional spaced typeface using <u>14 Point Times New Roman</u> in <u>WordPerfect 12</u>.

/s/ Ann L. Hester
Counsel for Appellant
Dated: October 15, 2009

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on October 15, 2009, I electronically filed the foregoing brief with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF user:

    Amy E. Ray
    OFFICE OF THE U.S. ATTORNEY
    United States Courthouse
    100 Otis Street, Room 233
    Asheville, NC  28801
    (828) 271-4661

    *Counsel for Appellee*

I further certify that I send one copy via U.S. First Class Mail addressed as follows:

    Martineous Leon Hopper
    Register No.  18860-058
    FCI WILLIAMSBURG
    FEDERAL CORRECTIONAL INSTITUTION
    P.O. BOX 340
    SALTERS, SC 29590

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

                                      /s/ *Laura C. Bunton*
                                      Laura C. Bunton
                                      Gibson Moore Appellate Services, LLC
                                      421 East Franklin Street, Suite 230
                                      Richmond, VA  23219